IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY
CAMDEN VICINAGE

| | |
|---|---|
| ELICIA JOHNSON,<br><br>    Plaintiff,<br><br>    v.<br><br>COMMISSIONER, SOCIAL SECURITY ADMINISTRATION,<br><br>    Defendant. | Civil No. 17-8292 (RMB)<br><br>**MEMORANDUM OPINION & ORDER** |

**BUMB**, United States District Judge:

This matter comes before the Court upon an appeal by Plaintiff Elicia Johnson from a denial of social security disability benefits on May 25, 2016 which was upheld by the Appeals Council on August 10, 2016. [Record of Proceedings, "R.P.", p. 1-7]

For the reasons set forth below, the Court vacates the decision of the Administrative Law Judge ("ALJ") and remands for proceedings consistent with this Memorandum Opinion and Order's reasoning.

I. **STANDARD OF REVIEW**

When reviewing a final decision of an ALJ with regard to disability benefits, a court must uphold the ALJ's factual

1

decisions if they are supported by "substantial evidence." Knepp v. Apfel, 204 F.3d 78, 83 (3d Cir. 2000); 42 U.S.C. §§ 405(g), 1383(c)(3). "Substantial evidence" means "'more than a mere scintilla. It means such relevant evidence as a reasonable mind might accept as adequate to support a conclusion.'" Richardson v. Perales, 402 U.S. 389, 401 (1971) (quoting Cons. Edison Co. v. NLRB, 305 U.S. 197, 229 (1938)); Plummer v. Apfel, 186 F.3d 422, 427 (3d Cir. 1999).

In addition to the "substantial evidence" inquiry, the court must also determine whether the ALJ applied the correct legal standards. See Friedberg v. Schweiker, 721 F.2d 445, 447 (3d Cir. 1983); Sykes v. Apfel, 228 F.3d 259, 262 (3d Cir. 2000). The Court's review of legal issues is plenary. Sykes, 228 F.3d at 262 (citing Schaudeck v. Comm'r of Soc. Sec., 181 F.3d 429, 431 (3d Cir. 1999)).

The Social Security Act defines "disability" as the inability "to engage in any substantial gainful activity by reason of any medically determinable physical or mental impairment which can be expected to result in death or which has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. § 1382c(a)(3)(A). The Act further states,

> [A]n individual shall be determined to be under a disability only if his physical or mental impairment or impairments are of such severity that he is not only unable to do his previous work but cannot, considering his age, education, and work experience,

engage in any other kind of substantial gainful work which exists in the national economy, regardless of whether such work exists in the immediate area in which he lives, or whether a specific job vacancy exists for him, or whether he would be hired if he applied for work.

42 U.S.C. § 1382c(a)(3)(B).

The Commissioner has promulgated a five-step, sequential analysis for evaluating a claimant's disability, as outlined in 20 C.F.R. § 404.1520(a)(4)(i-v). In Plummer, 186 F.3d at 428, the Third Circuit described the Commissioner's inquiry at each step of this analysis:

> In step one, the Commissioner must determine whether the claimant is currently engaging in substantial gainful activity. 20 C.F.R. § 1520(a). If a claimant is found to be engaged in substantial activity, the disability claim will be denied. Bowen v. Yuckert, 482 U.S. 137, 140 (1987).
>
> In step two, the Commissioner must determine whether the claimant is suffering from a severe impairment. 20 C.F.R. § 404.1520(c). If the claimant fails to show that [his] impairments are "severe," she is ineligible for disability benefits.
>
> In step three, the Commissioner compares the medical evidence of the claimant's impairment to a list of impairments presumed severe enough to preclude any gainful work. 20 C.F.R. § 404.1520(d). If a claimant does not suffer from a listed impairment or its equivalent, the analysis proceeds to steps four and five.
>
> Step four requires the ALJ to consider whether the claimant retains the residual functional capacity to perform her past relevant work. 20 C.F.R. § 404.1520(d). The claimant bears the burden of demonstrating an inability to return to her past relevant work. Adorno v. Shalala, 40 F.3d 43, 46 (3d Cir. 1994). If the claimant is unable to resume her former occupation, the evaluation moves to the final step.

> At this [fifth] stage, the burden of production shifts to the Commissioner, who must demonstrate the claimant is capable of performing other available work in order to deny a claim of disability. 20 C.F.R. § 404.1520(f). The ALJ must show there are other jobs existing in significant numbers in the national economy which the claimant can perform, consistent with her medical impairments, age, education, past work experience, and residual functional capacity. The ALJ must analyze the cumulative effect of all the claimant's impairments in determining whether she is capable of performing work and is not disabled. See 20 C.F.R. § 404.1523. The ALJ will often seek the assistance of a vocational expert at this fifth step. See <u>Podedworny v. Harris</u>, 745 F.2d 210, 218 (3d Cir. 1984).

II.  **FACTUAL BACKGROUND**

The Court recites only the facts that are necessary to its determination on appeal, which is narrow.

Plaintiff was born in 1964, and was 48 years old at the alleged onset date. [R.P., p. 29] She applied for Social Security Disability Benefits on November 16, 2013, alleging an onset of disability of December 27, 2012. [R.P., p. 20]

A disability hearing was held on April 11, 2016. The ALJ heard testimony from Plaintiff and the Vocational Expert.

Plaintiff testified that while she "usually ha[s] pain everywhere," her "back is really – that's almost every day all day I have pain in my back." (R.P. p. 53) She further testified, "I really can't vacuum much because that's a big irritant of my lower back." (Id. p. 55) Plaintiff also explained, "if I sit too long I get this pain in my back. . . . I might lay on the floor if my back goes to really hurting, and for some reason I'm sitting, I

4

can wiggle in the chair, but laying down for awhile usually will ease it up." (Id. p. 60-61) Plaintiff testified that she spends "maybe half the day" laying down. (Id. p. 62)

Plaintiffs medical records document an extensive history of low back pain which appears to have been caused, or exacerbated, by a car accident in the 1990s. (R.P., p. 290-91) Beginning in early 2012, Plaintiff was treated monthly, mainly by Dr. Sable at the Center for Physical Medicine and Rehabilitation. (Id. p. 271-91) Those treatment records document a consistent medical history of back pain and diagnosed lumbar facet disease:

- Date of Service 2/13/12: "IMPRESSION: Low back pain. Status post motor vehicle collision."

- Date of Service 3/5/12: "IMPRESSION: 1. Low back pain; 2. Carpal tunnel syndrome; 3. Right shoulder pain."

- Date of Service 3/23/12: "IMPRESSION: 1. Low back pain, L5-S1 facet disease; 2. Carpal tunnel syndrome."

- Date of Service 4/11/12: "IMPRESSION: 1. Low back pain, L5-S1 facet disease on MRI scan; 2. Carpal tunnel syndrome; 3. Rule out underlying inflammatory arthritis, myalgia, myopathy."

- Date of Service 4/27/12: "IMPRESSION: 1. Low back pain, L5-S1 facet disease on MRI scan; 2. The patient may have inflammatory arthritis, lupus; 3. Carpal tunnel syndrome."

- Date of Service 5/7/12: "IMPRESSION: 1. Probable inflammatory rheumatologic arthritis with the possibility of scleroderma, lupus, or connective tissue disease; 2. Low back pain, L5-S1 disc facet disease; 3. Carpal tunnel syndrome."

- Date of Service 5/30/12: "IMPRESSION: 1. Probable

5

inflammatory rheumatologic arthritis with the
possibility of scleroderma, lupus, or missed [sic]
connective tissue disease; 2. Low back pain, L5-S1 disc
disease, facet disease; 3. Carpal tunnel syndrome; 4.
Depression; 5. Smoker; 6. Sleep Disturbance."

- Date of Service 6/29/12: "IMPRESSION: 1. Probable
  inflammatory rheumatologic arthritis with the
  possibility of scleroderma, lupus, or mixed connective
  tissue disease; 2. Low back pain, L5-S1 disc disease,
  facet disease; 3. Carpal tunnel syndrome; 4. Right
  shoulder pain, rotator cuff probable tendinopathy,
  biceps tendinopathy; 5. Depression; 6. Sleep
  Disturbance."

- Date of Service 7/27/12: "IMPRESSION: 1. Fibromyalgia
  type symptoms with the possibility of inflammatory
  arthritis, scleroderma, lupus, with connective tissue
  disease. Awaiting further evaluation, blood laboratory
  testing from Dr. Alpern's office, rheumatology; 2. Low
  back pain, L5-S1 disc disease, facet disease; 3. Carpal
  tunnel syndrome; 4. Right shoulder pain, rotator cuff
  probable tendinopathy, biceps tendinopathy; 5.
  Depression; 6. Sleep Disturbance."

- Date of Service 8/24/12: "IMPRESSION: 1. Probable
  myalgia type symptoms with the possibility of
  inflammatory arthritis. On review of recent note from
  Dr. Alpern's office, he felt her primary diagnosis to be
  fibromyalgia. . . . ; 2. Low back pain, L5-S1 disc
  disease, facet disease; 3. Carpal tunnel syndrome; 4.
  Right shoulder pain, rotator cuff probable tendinopathy,
  biceps tendinopathy; 5. Depression; 6. Sleep
  Disturbance."

- Date of Service 9/28/12: "IMPRESSION: 1. Myalgia type
  symptoms, probable fibromyalgia with the possibility of
  inflammatory arthritis. On discussion with Dr. Alpern,
  he felt her primary diagnosis was more likely
  fibromyalgia than inflammatory arthritis; 2. Low back
  pain, L5-S1 disc disease, facet disease; 3. Carpal
  tunnel syndrome; 4. Right shoulder pain, with
  tendinopathy; 5. Depression; 6. Sleep Disturbance."

- Date of Service 10/26/12: "IMPRESSION: 1. Myalgia with
  probable fibromyalgia with the possibility of

6

> inflammatory arthritis; 2. Low back pain, L5-S1 disc disease, facet disease; 3. Carpal tunnel syndrome; 4. Right shoulder pain with tendinopathy; 5. Depression; 6. Sleep Disturbance."
>
> - Date of Service 1/18/13: "IMPRESSION: 1. Low back pain, L5-S1 disc disease, facet disease; 2. Carpal tunnel syndrome; 3. Myalgia with probable fibromyalgia with the possibility of inflammatory arthritis; 4. Right shoulder pain with tendinopathy; 5. Depression; 6. Sleep Disturbance."

(Id.)

A February 2014 medical report created in connection with Plaintiff's disability application in Michigan[1] omitted low back pain from the list of "chief complaints"-- which were identified as "fibromyalgia, carpal tunnel syndrome, depression, and arthritis"-- although it did recognize Plaintiff's past diagnosis of "low back pain, L5-S1 disc disease, facet disease," citing to the January 18, 2013 record from the Center for Physical Medicine and Rehabilitation. (R.P., p. 257-58)

A January 2015 evaluation conducted by Dr. Pearson at Advance Therapy Associates reflects a "diagnosis" of lower "back pain" which Plaintiff reported "started in 2008 of sudden onset and then worsened in 2012." (R.P., p. 303) Dr. Pearson referred Plaintiff to physical therapy.

The physical therapist's records from Plaintiff's visits in 2015 reflect diagnoses of "low back pain" and "other

---

[1] Before completing her disability application, Plaintiff relocated to New Jersey.

7

intervertebral disc degeneration, lumbar region," with an "Oswestry Low Back Pain" rating ranging from "68% disability" to "56% disability." (R.P., p. 324-327)

Finally, the Medical Source Statement completed by Dr. Pearson in April 2016 reflects two "diagnoses": "low back pain [and] fibromyalgia." (R.P., p. 360) Dr. Pearson further stated that the Plaintiff would typically need to supine rest for at least a total of 1½ - 2 hours during the day on a daily basis. (Id., p. 361)

### III. **ALJ'S DETERMINATION**

The ALJ concluded that "the claimant has not been under a disability as defined in the Social Security Act from December 27, 2012, through the date of this decision." [R.P., p. 20] The voluminous record evidence concerning Plaintiff's low back pain and diagnosis of disc disease notwithstanding, the ALJ's written decision contains just a single reference to any problems concerning Plaintiff's back. At the residual functional capacity step of the ALJ's analysis, in the paragraph discussing Dr. Shelby-Lane's February 2014 report, the written decision states: "[Plaintiff] had mild tenderness to palpitation in the lower lumbar area . . . however there was no obvious spinal deformity, swelling, or spasm noted." (R.P., p. 27)

### IV. **ANALYSIS**

Plaintiff argues that "the ALJ erred in failing to assess

8

whether the Plaintiff's back pain was a severe impairment at Step Two and failed to adequately consider the impairment throughout the decision." (Opening Brief, Dkt 13, p. 17) Citing 20 C.F.R. § 404.1520[2], Plaintiff asserts that the ALJ failed to consider all of the evidence concerning all of Plaintiff's alleged impairments.

The Commissioner responds that any failure to consider Plaintiff's low back issues at Step Two was essentially harmless error because Plaintiff's claim was not denied at Step Two. (Brief, Dkt 14, p. 15-16) The Court disagrees. The Commissioner's argument fails to recognize that Plaintiff's argument explicitly goes beyond Step Two, asserting that the ALJ "failed to adequately consider the impairment *throughout the decision*." (Opening Brief, Dkt 13, p. 17, emphasis added).[3]

The ALJ's written decision does not allow the Court to discern whether the ALJ took into consideration Plaintiff's low back problems in formulating the RFC. For example, while Plaintiff testified that her low back problems require her to lie down half of the day, the RFC appears to make no accommodation for

---

[2] "Evidence considered. We will consider all evidence in your case record when we make a determination or decision whether you are disabled." 20 C.F.R. § 404.1520(a)(3).

[3] See also Reply Brief, Dkt 15, p. 8, "An ALJ is further required to address severe and non-severe impairments and exertional and non-exertional limitations *in the formulation of the RFC*." (emphasis added); Local Rule 9.1 Letter, Dkt 11, p. 1, stating that "the ALJ did not address [Plaintiff's low back pain] at Step Two *or in her RFC*." (emphasis added).

this limitation.  The RFC only includes "alternate sitting/standing every 30-60 minutes, with a 5-10 minute change of position while remaining on task."  [R.P., p. 25]  If the ALJ rejected or gave little weight to the evidence concerning Plaintiff's low back issues, she must explain as much in her written decision.  Otherwise, the Court is left to speculate whether such evidence was simply overlooked.

"The Third Circuit has held that access to the Commissioner's reasoning is [] essential to a meaningful court review." Sanford v. Comm'r of Soc. Sec., No. CIV. 13-0366 NLH, 2014 WL 1294710, at *2 (D.N.J. Mar. 28, 2014)(citing Gober v. Matthews, 574 F.2d 772, 776 (3d Cir. 1978)); see also Stockett v. Comm'r of Soc. Sec., 216 F. Supp. 3d 440, 456 (D.N.J. 2016)("The Third Circuit 'requires the ALJ to set forth the reasons for his decision.'")(quoting Burnett v. Comm'r of Soc. Sec. Admin., 220 F.3d 112, 123 (3d Cir. 2000))(Bumb, D.J.).  The Court cannot determine on the present record whether the ALJ's decision was supported by substantial evidence because the Court presently cannot determine whether the ALJ considered and rejected all of the evidence of Plaintiff's low back disc disease and pain, or simply overlooked it.  It may well be the case that, upon remand, the ALJ will arrive at the same decision.  At this juncture, however, the ALJ must provide additional explanation for the decision.  As such, the Court **vacates** the decision of the ALJ and **remands** for proceedings

consistent with the above analysis.

**ACCORDINGLY**, it is on this 18th day of March, 2019,

    **ORDERED** that the decision of the Administrative Law Judge is **VACATED** and the case is **REMANDED** for further proceedings consistent with this Memorandum Opinion; and it is further

    **ORDERED** that the Clerk of Court shall close this case.

\_\_\_s/ Renée Marie Bumb\_\_\_
RENÉE MARIE BUMB, U.S.D.J.